Filed 7/25/25  P. v. Morales CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>MAURICIO MORALES,<br><br>     Defendant and Appellant. | B337929<br><br>(Los Angeles County<br>Super. Ct. No.  BA223547-01) |

APPEAL from an order of the Superior Court of Los Angeles County, Ronald S. Coen, Judge.  Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Finding no error, we affirm.

On October 22, 2002, the People charged appellant Mauricio Morales with two counts of attempted murder in violation of Penal Code[1] sections 664 and 187, subdivision (a), and one count of assault with a firearm in violation of section 245, subdivision (a)(2).  Firearm and great bodily injury enhancements were also alleged.  (§§ 12022.53, subdivisions (b)–(d), 12022.55.)  It was further alleged Morales had suffered one prior prison term within the meaning of section 667.5, subdivision (b).

On March 18, 2003, a jury found Morales guilty of one count of attempted murder and found true Morales personally and intentionally discharged a handgun causing great bodily injury to the victim, personally and intentionally discharged a handgun, personally used a handgun within the meaning of section 12022.53, subdivisions (b) through (d), and inflicted great bodily injury by personally discharging a firearm from a motor vehicle in violation of section 12022.55.  The jury acquitted Morales of the other two counts.

On May 13, 2003, the trial court sentenced Morales to state prison for an aggregate term of 33 years to life.  The sentence consisted of the midterm of seven years for the attempted murder plus an additional 25 years to life for discharge of the firearm causing great bodily injury plus one year for the prior prison term.

---

[1] Undesignated statutory references are to the Penal Code.

On February 9, 2023, the trial court recalled Morales's sentence upon being notified by the California Department of Corrections and Rehabilitation that his sentence included one year for a prior prison term under section 667.5, subdivision (b). This rendered Morales eligible for full resentencing pursuant to sections 1172.7, subdivision (d)(2) and 1172.75, subdivision (d)(2). The court appointed counsel for Morales and set a resentencing date for May 2, 2023.

On May 2, 2023, the court gave the People a copy of Morales's C-File from the California Department of Corrections and Rehabilitation to copy for the defense. It ordered the original file returned to the court after copying.

The resentencing hearing was continued several times. On March 18, 2024, Morales through counsel filed a comprehensive motion for full resentencing. Morales asked the court to reduce the total sentence to 12 years, which included striking the one-year prison term prior as well as the 25 years-to-life sentence for the firearm enhancement. The motion noted Morales had been incarcerated for 21 years and had spent the last eight years "dedicated to improving himself and avoiding disciplinary missteps." The motion also asked the court to note Morales's troubled youth and that Morales's family continued to support him "in every possible way."

At the resentencing hearing on March 20, 2024, the People argued that the court retained discretion to preserve the gun enhancement sentence "when public safety is impacted." They contended the shooting of two rival gang members "in the chest" was an unprovoked attack based on gang membership and rivalry and asked the court to retain the gun enhancement.

The trial court recited that Morales "was a gang member. He went to a rival gang territory hunting, shot the victim in the chest, the victim ran, and defendant continued shooting multiple shots. [¶] As far as the C-File is concerned, he's had incidents of fighting, causing a major disruption, again fighting, fighting again, attempting to smuggle in contraband, one incident of tickling another inmate, which I don't understand. [¶] And there's a 2019 incident with a vape pen and a cellphone. This is all—the 1-year prior that was imposed is stricken. That doesn't end the matter."

The trial court then declined to strike or reduce the sentence for the firearm enhancement because it would not be in the interest of justice to do so. The trial court found Morales's youth (23 years old) at the time of the offense was not a contributing factor to the crime and "the circumstances of the crime, particularly that a firearm was used, warranted the midterm." The trial court also found childhood trauma was not a factor relating to the commission of the offense. It declined to dismiss the enhancement because doing so would endanger public safety. Morales filed a timely notice of appeal.

On April 21, 2025, counsel for Morales filed an opening brief pursuant to *People v. Wende*, asking this court to independently review the record for error. That same day we notified Morales that a no-issue brief had been filed on his behalf by counsel. We advised Morales of his right to file a supplemental brief on issues he wants the court to consider.

On May 16, 2025, Morales filed a supplemental brief. He contends: 1) trial counsel provided ineffective assistance of counsel in that she failed to investigate or mention his childhood trauma as a possible ground for resentencing; 2) the result would

4

have been different had the trial court been presented with Morales's childhood trauma; 3) trial counsel was ineffective because she did not argue Morales's youth as a mitigating factor at resentencing; 4) he was deprived of a "full" resentencing hearing as opposed to invalidation of only the prison prior; 5) the trial court made no reference to section 1172.75, subdivisions (a) and (d)(1) through (4) which shows the trial court failed to exercise the discretion vested in it by law; 6) the trial court cited section 12022.53, subdivision (b) when imposing a consecutive sentence of 25 years to life which is the incorrect citation for a 25 years-to-life sentence, invalidating the sentence imposed; 7) the trial court was under a misimpression of fact when it stated Morales "went to a rival gang territory hunting" as there is no evidence to support this impression; 8) the trial court was only permitted to find a risk to public safety if it found Morales would in the future commit a superstrike, not any other violent felony; 9) mere recitation of the circumstances of the crime absent articulation of a rational nexus between those facts and current dangerousness failed to provide the required modicum of evidence to show a risk to public safety.

## DISCUSSION

A defendant serving a term for a judgment that includes a non-invalid enhancement is entitled to resentencing. (§ 1172.75, subds. (a), (c).) Subdivision (d) specifies: "Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (*Id.*, subd.

5

(d)(1).)  The trial court must "apply the sentencing rules of the Judicial Council" as well as "any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.*, subd. (d)(2).)  In addition, the court may "consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects either age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice."  (*Id.*, subd. (d)(3).)

We find no error.  The full resentencing memorandum prepared by trial counsel addressed Morales's childhood trauma and his youth as a mitigating factor at resentencing.  The memorandum presents interviews with Morales's brother, father, and sister-in-law about Morales suffering bullying, isolation, and physical attacks as a child because of his slight physical stature and timid, awkward, and shy demeanor.

Neither was Morales deprived of a full resentencing hearing.  As the record reflects and as set out above, the trial court was aware that striking the one-year sentence for the prior prison term was not the only issue before it.  Specifically, after striking the one-year term, the trial court commented, "That doesn't end the matter" and went on to consider whether to reduce the seven-year sentence and the 25-year term for the firearm enhancement, expressly mentioning the factors of childhood trauma and age at the time of the offense.  Morales was entitled to be considered for full resentencing under section

6

1172.75, subdivision (d).  (*People v. Rhodius* (2025) 17 Cal.5th 1050, 1054–1055 [in resentencing under 1172.75, subdivision (d), the trial court must apply the sentencing rules of the Judicial Council as well as any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentence and to promote uniformity of sentencing].) The trial court demonstrated it was well aware of its discretion under the statute to reduce the aggregate sentence and expressed its rationale for refusing to do so.

Further, Morales is correct that the Reporter's Transcript miscites the firearms subdivision (it stated (b) instead of (d)) when sentence was reimposing).  This does not invalidate the sentence.  The trial court clearly stated it was *re*imposing the term of *25 years to life*, as is confirmed by the minute order and abstract of judgment.  That the trial court may have orally miscited the applicable subdivision does not cast a cloud over the trial court's sentencing intentions given that the court expressly stated the number of years it was imposing for the enhancement and why it was not inclined to depart from the original, same sentence.  Alternatively, Morales failed to bring this to the trial court's attention at resentencing, so the issue is waived.  (*People v. Scott* (1994) 9 Cal.4th 331, 351–353 [to preserve the issue on appeal, defendant must bring to the trial court's attention errors occurring at sentencing so they can be corrected].)

Finally, there is no evidence in this record of the facts giving rise to the attempted murder conviction.  Whether the trial court was under a misimpression that Morales "went to rival gang territory hunting" for rival gang members cannot be established by Morales's bare assertion that there was no hunting involved.  And whether Morales was "hunting" does not

7

outweigh the other aggravating factors (which Morales does not challenge) that the trial court noted in reimposing the original sentence, to wit, that he knew the victim was from a rival gang, chased the victim, shot at him multiple times, and created serious disruptions and rule violations while in custody.

Morales incorrectly asserts that a risk to public safety can only be established if the trial court finds he would, in the future, commit a superstrike. Risk of commission of a superstrike is a requisite factor to be addressed for mental health diversion under section 1001.36, not for resentencing under section 1172.75. (*People v. Whitmill* (2022) 86 Cal.App.5th 1138, 1149 [defendant who poses unreasonable risk of committing a superstrike is not eligible for mental health diversion under section 1001.36, subdivision (c)]; *People v. Rhodius, supra*, 17 Cal.5th at p. 1055 [resentencing under section 1172.75 shall result in a lesser sentence unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety].).)

We find the court did articulate a nexus between the facts and the sentence imposed. However, because Morales failed to ask the trial court to be more specific at the time of the resentencing, Morales cannot do so now for the first time on appeal. (*People v. Scott, supra,* 9 Cal.4th at pp. 352–353 [defendant cannot argue for the first time on appeal that the trial court failed to state reasons for its sentencing decision].)

We have examined the record and are satisfied Morales's counsel fully complied with her responsibilities and no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende, supra*, 25 Cal.3d at p. 441.)

On this record alone, Morales does not demonstrate prejudicial ineffective assistance of counsel.

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

VIRAMONTES, J.

RUBIN, J.*

---

\* Retired Presiding Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.